IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JEROME MICHAEL STOKES-EL,       )
                                )
            Petitioner,          )
                                )
      v.                        )     1:11CV1072
                                )
STATE OF NORTH CAROLINA,         )
et al.,                          )
                                )
            Respondents.         )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, as well as an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

2. Petitioner has failed to indicate that state court remedies have been exhausted. [28 U.S.C. § 2254(b).]

3. An insufficient number of copies was furnished. Petitioner must submit the original and two copies.

4. Petitioner's claim is not entirely clear, but he contends that he is a "political hostage prisoner being held in violation of [his] human rights." (Docket Entry 2 at 2.) He then appears to tie his allegedly illegal imprisonment to the fact that he is and "independent sovereign" and part of 'The Moorish American Nation." (Docket Entries 2-1, 2-2). Petitioner believes that, as such, the courts of the State of North Carolina do not have jurisdiction over him.

> Unfortunately for Petitioner, simply claiming to be a "Moor" or "Moorish American" will not defeat state court criminal convictions. *See*, *e.g.*, *Pitt-Bey v. District of Columbia*, 942 A.2d 1132, 1136 (D.C. 2008)(rejecting a jurisdictional claim raised by a member of "The Nation of Moorish-Americans" based on international treaties.) If Petitioner files again with this basis as his only claim, his petition may be subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this Petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current petition.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 6, 2011